**UNITED STATES of America, Appellee,**

v.

**Michael SPENCER, Defendant–Appellant.**

**No. 243, Docket 91–1185.**

United States Court of Appeals,
Second Circuit.

Submitted April 30, 1993.

Decided May 27, 1993.

Irving J. Anolik, New York City, for defendant-appellant.

Steven M. Witzel, Asst. U.S. Atty., New York City (Roger S. Hayes, U.S. Atty., S.D.N.Y., Nelson W. Cunningham, Asst. U.S. Atty., of counsel), for appellee.

Before: MINER and MAHONEY, Circuit Judges, and DEARIE, District Judge.*

PER CURIAM:

Defendant-appellant Michael Spencer was convicted in the United States District Court for the Southern District of New York (Di-Carlo, *J.*) after a jury found him guilty of conspiracy to commit armed robbery of an Insured Postal Credit Union, in violation of 18 U.S.C. § 371, and armed robbery of an Insured Postal Credit Union, in violation of 18 U.S.C. §§ 2 and 2113(a) and (d). Judge McKenna, to whom Spencer's case originally was assigned, previously had granted a motion to suppress statements made by Spencer to FBI agents. That ruling was based on a finding that Spencer had made an ambiguous request for counsel at the time of his questioning by the agents and that the Government had failed to prove that Spencer had initiated conversations with the FBI agents following his request for counsel.

Spencer's motion to suppress the testimony of the car service driver who drove him to the robbery was denied, despite Spencer's argument that the driver's testimony, being derived from his previously suppressed statements, was "fruit of the poisonous tree." Relying on Supreme Court decisions in *Michigan v. Tucker*, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974), and *Michigan v. Harvey*, 494 U.S. 344, 110 S.Ct. 1176, 108 L.Ed.2d 293 (1990), Judge McKenna reasoned that the violations that occurred during Spencer's questioning were not of a constitutional magnitude, since the questioning did not involve any coercion, but rather violated only procedural safeguards. Accordingly, the third-party witness' testimony was held admissible even though the witness' identity was derived from Spencer's statements.

In an opinion filed on January 28, 1992, we vacated Spencer's conviction and remanded the case to the district court "to determine, as required by [*Michigan v.*] *Harvey*, whether [Spencer's] waiver, if any, of his right to counsel was knowing and voluntary." *Unit-*

ed States v. Spencer, 955 F.2d 814, 816 (2d Cir.1992). If the district court found that Spencer waived his right to counsel, then the testimony of the third-party witness, which was derived from Spencer's statements, was admissible. *Id.* at 819. We also instructed the district court, if it found that Spencer had not waived his right to counsel, to consider whether the third-party testimony was admissible under the attenuation and inevitable discovery doctrines. *See id.* at 820. This panel retained jurisdiction over further proceedings in the case. *Id.* In a Memorandum and Order dated March 4, 1993, Judge McKenna found Spencer's waiver of his right to counsel to be knowing and voluntary.

While a district court's conclusions regarding the constitutionality of a defendant's waiver of his right to counsel is subject to de novo review, we review its supporting factual findings under a clearly erroneous standard. *See United States v. Maldonado-Rivera*, 922 F.2d 934, 972 (2d Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2858, 115 L.Ed.2d 1025 (1991); *United States v. Diaz*, 891 F.2d 1057, 1060–61 (2d Cir.1989). We will affirm a district court's conclusion that a defendant knowingly and voluntarily waived his constitutional rights if " 'any reasonable view of the evidence supports it.' " *United States v. Hall*, 724 F.2d 1055, 1060 (2d Cir. 1983) (quoting *United States v. Kiendra*, 663 F.2d 349, 351 (1st Cir.1981)). Whether a waiver is "knowing and voluntary" is a question directed to a defendant's state of mind, which can be inferred from his actions and statements. *See North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979). "[T]he question of waiver must be determined on 'the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused.' " *Id.* at 374–75, 99 S.Ct. at 1757–58 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)).

We have reviewed Judge McKenna's findings and agree that Spencer knowingly

* Hon. Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

and voluntarily waived his right to counsel after making an ambiguous request for an attorney. Spencer testified at the suppression hearing that he was presented with an FBI waiver form describing his *Miranda* rights, that he read the form and that he understood all his rights. Although he declined to sign the waiver form, he told the agents that he was prepared to answer their questions to the best of his ability. The district court found Spencer to be of average intelligence and further found that this arrest was not his first encounter with the criminal justice system. Finally, the district court found that the agents did not engage in any coercive or deceptive conduct during the course of their interview with Spencer.

Because Spencer's waiver of his right to counsel was knowing and voluntary, the testimony of the third-party witness, derived from the use of Spencer's post-arrest statements, properly was admitted. Accordingly, we accept the findings of the district court regarding the nature and circumstances of Spencer's waiver and reinstate and affirm the judgment of conviction heretofore entered in the district court.