UNITED STATES of America,
Appellee,

v.

Winston BANNER, also known as Conroy Porchman, also known as Cisco, Damon Shallow, also known as Romello, Defendants,

Kevin PIERRE, also known as Jimmy Grant, also known as P.B., and Dennis Forbes, Defendants–Appellants.

Docket Nos. 01–1537, 02–1119.

United States Court of Appeals,
Second Circuit.

Argued: Sept. 16, 2003.

Decided: Jan. 29, 2004.

---

one of the defendants-appellants' arguments, concluding that they are without merit. In this opinion, we consider the remaining issue: Whether a warning given to a defendant pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), by the agents of the federal government is effective as to an interrogation conducted immediately afterwards by agents of local government. We conclude that it is.

Following his arrest on August 11, 1999, Forbes was detained for questioning by the Rochester, New York, Police Department. There was then an Immigration and Naturalization Service ("INS") warrant outstanding against Forbes, a Jamaican national. Two INS special agents, upon being informed of his arrest, traveled to Rochester to interview him. After giving Forbes a *Miranda* warning, the special agents obtained a signed statement from him, which included a waiver of his *Miranda* rights. The INS agents left Forbes in the interview room and spoke briefly with Rochester police officers. During the conversation, the INS agents informed the Rochester police officers that the agents had given Forbes a *Miranda* warning. The police also briefly reviewed Forbes's signed statement. They then entered the room where Forbes was waiting—the same room in which the INS agents had interrogated him—and he gave them a statement about the alleged criminal activity for which he had been arrested. At no time did the Rochester police themselves give Forbes a *Miranda* warning.

The INS interview began sometime after 2:20 p.m. that afternoon and ended around 3:40 p.m. Although the record does not disclose exactly how much time elapsed between the completion of the INS

M. Kirk Okay, The Okay Law Firm, Batavia, NY, for Defendant–Appellant Forbes.

Frank H. Sherman, Assistant United States Attorney for the Western District of New York (Michael A. Battle, United States Attorney, of counsel), Rochester, NY, for Appellee.

Before: LEVAL and SACK, Circuit Judges, and KORMAN, District Judge.*

PER CURIAM.

Defendants Kevin Pierre and Dennis Forbes appeal from convictions and sentences for various drug-related crimes entered in the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge* ). In a summary order filed today, we address all but

---

* Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

questioning and the commencement of questioning by the Rochester police officers, the Rochester police interview took "[a]pproximately two hours" and ended around 5:30 p.m. Transcript of proceedings before Hon. Charles J. Siragusa, on Nov. 8, 9, & 13, 2000, at 704. Thus, the gap between the two interviews was surely brief. Beginning around 5:30 p.m., the substance of Forbes's comments to the Rochester police officers was then reduced to a typewritten statement, a process which was completed around 7:00 p.m. The total time consumed by the interrogations was somewhat less than five hours.

Forbes moved to suppress the statement to the Rochester police on the ground that he had not been properly advised of his *Miranda* rights. The district court concluded, however, that the statement in question was given knowingly, intelligently, and voluntarily, and that Forbes had waived his *Miranda* rights. Accordingly, during trial, the government was permitted to ask one of the Rochester police officers who questioned Forbes to read a portion of Forbes's typewritten statement to the jury. Thereafter, a redacted version of the statement was displayed for the jury. On appeal, Forbes resumes his challenge to the district court's admission of this statement into evidence.

■ We review the constitutionality of a *Miranda* waiver *de novo* and the district court's underlying factual findings for clear error. *United States v. Spencer,* 995 F.2d 10, 11 (2d Cir.1993). Forbes argues that his receipt of a *Miranda* warning during the INS interrogation should not be considered in our assessment of whether he was properly advised of his rights with respect to the later interrogation by Rochester police. Forbes urges that "[t]he reliance of [Rochester Police Department] Investigators on prior *Miranda* warnings administered by INS

agents is insufficient because they are agents of a different sovereign." Forbes Br. at 40. We disagree.

■ When a *Miranda* warning is given to a person in custody by someone known by that person to be a law enforcement agent, whether the sovereign of the agent who gave the warning is the same as the sovereign of the agent to which the defendant later gives an incriminating statement is of no moment. The purpose of the *Miranda* warning is to ensure that the person in custody has sufficient knowledge of his or her constitutional rights relating to the interrogation and that any waiver of such rights is knowing, intelligent, and voluntary. *Miranda,* 384 U.S. at 467–73, 86 S.Ct. 1602; *Terry v. LeFevre,* 862 F.2d 409, 412 (2d Cir.1988). So long as the person in custody receives this warning from someone in authority, what uniform that person is wearing does not ordinarily affect the person in custody's understanding of his or her rights and therefore is not ordinarily a factor in determining the sufficiency of the *Miranda* warning.

■ It is well established that once an arrested person has received a proper *Miranda* warning, the fact that questioning is stopped and then later resumed does not necessarily give rise to the need for a new warning. *See United States v. Weekley,* 130 F.3d 747, 751 (6th Cir.1997) (collecting cases). We see no reason to think that the fact that the resumption of questioning is by agents of a different sovereign means that a new *Miranda* warning is required. If the person in custody has been sufficiently informed of his or her constitutional rights, his or her *Miranda* rights have been vindicated. Other courts have reached a similar conclusion. *See United States v. Nordling,* 804 F.2d 1466, 1471 (9th Cir.1986) (finding a *Miranda* warning given by the San Diego Harbor Police to be effective as to subsequent interrogation

by the federal Narcotics Task Force); *United States v. Hopkins,* 433 F.2d 1041, 1045 (5th Cir.1970) (finding a *Miranda* warning given by FBI agents effective as to a subsequent question by a Dallas police officer); *United States v. Taylor,* 461 F.Supp. 210, 214 (S.D.N.Y.1978) ("Since defendant effectively waived his rights before the local police, he may not complain of a *Miranda* violation simply because the federal agents did not repeat those warnings a short time later.").

The judgment of the district court with respect to the admission of Forbes's statement into evidence is therefore affirmed.