**UNITED STATES of America,**
**Appellee,**

v.

**Ibrahima DIALLO, Defendant–**
**Appellant.**

No. 05–2472–cr.

United States Court of Appeals,
Second Circuit.

Nov. 21, 2006.

Richard Wojszwilo, Campos & Wojszwilo, New York, NY, for Defendant–Appellant.

Susan Corkery, Assistant United States Attorney (Lawrence P. Ferazani, Jr., Assistant United States Attorney), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Respondent.

Present: Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision. Defendant–Appellant Ibrahima Diallo was convicted by a jury on one count of making a false state-

ment to a Customs Agent in violation of 18 U.S.C. § 1001. On appeal, Diallo challenges the district court's denial of his motion to suppress a statement that he made to a Customs Agent while in custody in which he admitted that he had lied to another Customs Agent. Here, as before the district court, Diallo contends that the *Miranda* waiver that he executed prior to making that statement was ineffective because, due to his limited knowledge of the English language, he did not understand the rights he was waiving or the consequences of abandoning those rights.

In order to introduce a defendant's custodial statements at trial, the government must show by a preponderance of the evidence that the defendant knowingly, intelligently and voluntarily waived his right against self-incrimination. *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). We review a district court's finding that a defendant knowingly and voluntarily waived his *Miranda* rights for clear error. *United States v. Spencer*, 995 F.2d 10, 11 (2d Cir.1993) (per curiam). We extend similar deference to a district court's determinations concerning a witness's credibility. *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 435 (2d Cir.2001).

 Diallo argues that the district court committed clear error in finding that his comprehension of the English language was sufficient to allow him to understand the rights he was waiving and the consequences of waiver. Upon reviewing the record, we cannot agree that it discloses clear error, and we therefore affirm. At the suppression hearing before the district court, Diallo testified, largely in English, concerning the events surrounding his arrest and his subsequent execution of a *Miranda* waiver. Diallo testified that he had been in the United States since 1990. He further testified that while he cannot read English, he communicated with his co-workers in English at several jobs during this time. The district court also heard testimony from Customs Agent Ng, who testified that Diallo told him that he spoke English at the outset of their conversation and asked no questions when Ng explained his *Miranda* rights to him. Ng also testified that Diallo had responded appropriately to the questions put to him during the subsequent investigatory interview, and that Diallo was able to answer his questions. At the conclusion of the hearing, the district court credited Ng's version of events, and concluded that Diallo "knows more English than he's testified to both in terms of his ability to read and write and I don't believe his testimony."

We think this factual predicate was sufficient to support the district court's finding that Diallo understood enough English to comprehend the substance and consequences of his waiver. In particular, we defer to the determination of the able and experienced district judge that Diallo downplayed his linguistic abilities during the suppression hearing, and therefore lend less weight than we otherwise might to the portions of the transcript identified by Diallo as demonstrating his difficulties in understanding spoken English. Because, on this record, we find no error in the district court's decision to deny Diallo's suppression motion, the judgment of the district court is hereby **AFFIRMED.**