14-2187-cr
*United States v. Antomattei*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April , two thousand fifteen.

PRESENT:

       JOSÉ A. CABRANES,
       ROBERT D. SACK,
       GERARD E. LYNCH,
           *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
       *Appellee,*


     -v.-                                       No. 14-2187-cr

ADONY NINA, JORGE CRUZ, TIARA FELIX, STEPHANIE MESA, JASON MORALES, EDUARDO RODRIGUEZ, TOMMIE BOOSE, CATHERINE MORALES, KEVIN TORRES, KRISTINA SIMMONS,
       *Defendants,*

CANDIDO ANTOMATTEI,
       *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**       ROBERT MOORE (David Touger, *on the brief*) Peluso & Touger, LLP, New York, New York.

**FOR APPELLEE:**       CHRISTOPHER DIMASE (Sarah R. Krissoff, Karl Metzner, *on the brief*), Assistant United

1

States Attorneys, *for* Preet Bharara, United
States Attorney for the Southern District of
New York, New York, NY.

Appeal from a June 11, 2014 judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 11, 2014 judgment of the District Court is **AFFIRMED**.

Defendant Candido Antomattei appeals a judgment of conviction from the District Court after a jury found him guilty of conspiracy to distribute large quantities of heroin and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 ("Count One"), and conspiracy to distribute PCP, also in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 ("Count Two"). The jury also found that while committing these two conspiracies, Antomattei used, carried, and possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 2 ("Count Four"). The District Court sentenced Antomattei principally to 360 months' imprisonment, to be followed by 10-year concurrent terms of supervised release on Counts One and Two and a 5-year term of supervised release on Count Four.

On appeal, Antomattei contends that the District Court (1) abused its discretion by denying his request for new counsel, (2) abused its discretion by denying his request for a continuance, and (3) failed to obtain a knowing, intelligent, and voluntary waiver of counsel. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## DISCUSSION

### I. Denial of Motion for Substitution of Counsel

We review a district court's denial of a motion to substitute counsel for abuse of discretion. *See United States v. Simeonov*, 252 F.3d 238, 241 (2d Cir. 2001). In undertaking this review, we examine four different factors: "(1) whether the defendant's motion for new counsel was timely; (2) whether the district court adequately inquired into the matter; (3) whether the conflict between defendant and attorney was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) whether the defendant substantially and unjustifiably contributed to the breakdown

2

in communication." *United States v. Hsu*, 669 F.3d 112, 122-23 (2d Cir. 2012) (internal quotations and citations omitted).

Here, defendant's Sixth Amendment claim centers on whether the second and third factor cut in his favor.[1] They do not. A review of the record reveals that the district court conducted a sufficient inquiry into whether substitution was warranted and that there was not a total breakdown of communication between defendant and his counsel.

The District Court carefully inquired into the state of defendant's relationship with his counsel. A hearing was held, defendant's allegations were explored, and, later that day, the District Court issued a thoughtful order denying Antomattei's motion. In that order, the District Court made numerous determinations—including the determination that the defendant and his counsel were in communication[2]—to which we "[a]s a reviewing court … give strong deference." *United States v. John Doe No. 1*, 272 F.3d 116, 124 (2d Cir. 2001). Thus, the District Court's inquiry "was not merely a perfunctory, superficial inquiry . . . but instead was an inquiry detailed enough for the court to determine that substitution was unwarranted." *Id.*

The District Court also acted well within its discretion in casting doubt on defendant's claim that there was a total breakdown in communication between him and his counsel. Antomattei's complaints about his counsel's performance—namely, that counsel failed to provide him with certain documents, that counsel was ill-prepared, that they lacked "chemistry," and that there was a complete breakdown in their communication—were belied by the frequent communication between counsel and defendant during the pre-trial proceedings, their significant interactions during the trial, and defendant's request for his counsel to be reinstated after the verdict. It cannot be said that the conflict between defendant and counsel was so great that it "resulted in a total lack of communication preventing an adequate defense." *Hsu*, 669 F.3d at 123 (internal quotation marks omitted).

---

[1] The District Court held, and the parties do not dispute, that defendant's motion was timely and that defendant did not substantially and unjustifiably contribute to the breakdown in communication.

[2] In its order dated September 11, 2013, the District Court observed that "Defendant and Counsel are communicating and Counsel appears to be fulfilling her duties." Jt. App'x 75.

Accordingly, the District Court did not violate defendant's Sixth Amendment right to counsel when it refused to appoint substitute counsel.

## II.  Denial of Counsel's Motion for a Continuance

Trial judges are given significant latitude in the scheduling of trials, and we therefore review an order denying a continuance for abuse of discretion. *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011). Abuse of discretion will be found only when the denial of the continuance constituted an "arbitrary action that substantially impaired the defense." *Id.* (internal quotation marks and citation omitted).

Defendant contends that the District Court erred in denying his request for a continuance less than two weeks before trial.  The stated reason for the motion for a continuance was that defendant's counsel maintained that she could not "simultaneously fulfill her obligations" to another client and to defendant.  The District Court denied defendant's motion after finding that his counsel would be able to effectively represent both defendant and her other client and that "any adjournment in trial would prejudice the Government." Far from ruling in an arbitrary manner, the District Court properly weighed the concerns of the parties and acted within its discretion in denying defendant's motion for a continuance.

## III.  Defendant's Waiver of Counsel

We review a district court's conclusions regarding the constitutionality of a defendant's waiver of his right to counsel *de novo*. *United States v. Spencer*, 995 F.2d 10, 11 (2d Cir. 1993). A defendant faced with a choice between retaining his current court-appointed counsel and proceeding *pro se* is entitled to choose the latter option, as "the Sixth Amendment right to the assistance of counsel implicitly embodies a correlative right to dispense with a lawyer's help." *Faretta v. California*, 422 U.S. 806, 814 (1975) (internal quotation marks and citation omitted). Before a defendant makes this decision, however, "he must be given a full and fair opportunity to consider his options before waiving his Sixth Amendment right in a knowing and voluntary manner." *United States v. Culbertson*, 670 F.3d 183, 193 (2d Cir. 2012).  Importantly, the District Court is not required to "resort to any particular talismanic procedures" in order to ensure that the defendant's Sixth Amendment rights are not violated.  *Id.* (internal quotation marks omitted). Rather, the District Court must only ensure that

4

"the defendant understood that he had a choice between proceeding pro se [or] with assigned counsel, . . . understood the advantages of having one trained in the law to represent him, and . . . had the capacity to make an intelligent choice." *United States v. Hurtado*, 47 F.3d 577, 583 (2d Cir. 1995) (citations and internal quotation marks omitted).

Here, defendant claims that his right to counsel was violated because the District Court failed to obtain a knowing, intelligent, and voluntary waiver of counsel after he decided to proceed *pro se*. This challenge fails as well. The District Court "engage[d] the defendant in an on-the-record discussion to ensure that [ ]he fully underst[ood] the ramifications of h[is] decision." *Torres v. United States*, 140 F.3d 392, 401 (2d Cir. 1998). The District Court patiently and thoroughly warned defendant as to the disadvantages of proceeding *pro se* and even encouraged defendant to take some time to think about the decision and consult with his family. Defendant then knowingly, intelligently, and voluntarily waived his right to counsel.

Finally, defendant suggests that his waiver of his right to counsel was not truly voluntary because the District Court's refusal to appoint substitute counsel gave him 'no choice' but to proceed *pro se*. This argument fails in light of defendant's failure to establish that the District Court erred in denying his motion for substitution. *See United States v. Schmidt*, 105 F.3d 82, 89 (2d Cir. 1997).

## CONCLUSION

We have considered Antomattei's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the June 11, 2014 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5