13-4329-cr (L)
United States v. Green, III

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand fifteen.

PRESENT:   GERARD E. LYNCH,
           RAYMOND J. LOHIER, JR.,
           SUSAN L. CARNEY,
                          *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                          *Appellee*,

           v.                                    Nos.   13-4329-cr
                                                        14-359-cr

BENJAMIN GREEN, III,
                          *Defendant - Appellant.*

_____

APPEARING FOR APPELLEE:        SUSAN L. WINES, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, of counsel), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

APPEARING FOR APPELLANT:       JESSE M. SIEGEL, Law Office of Jesse M. Siegel, New York, New York.

Appeal from the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 3, 2014, is AFFIRMED.

Benjamin Green, III, appeals from a judgment entered on February 3, 2014, in the United States District Court for the District of Connecticut, convicting him, after trial, of one count of filing a fraudulent claim for a tax refund against the United States, in violation of 18 U.S.C. § 287, and one count of attempting to interfere with the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a). Green contends that the district court erred by accepting his waiver of his Sixth Amendment right to counsel and allowing him to represent himself at trial, and by failing to assure that he was competent to stand trial.

We review the district court's finding as to the constitutionality of Green's waiver of his right to counsel de novo, and the factual findings supporting that determination for clear error. See United States v. Spencer, 995 F.2d 10, 11 (2d Cir. 1993). We should "affirm a district court's conclusion that a defendant knowingly and voluntarily waived his constitutional rights if any reasonable view of the evidence supports it." Id. (internal quotation marks omitted).

In Faretta v. California, the Supreme Court held that the Sixth Amendment's right to counsel includes the right to represent oneself, and that, were a court "[t]o thrust counsel upon the accused, against his considered wish," it would thereby violate the

accused's Sixth Amendment rights. 422 U.S. 806, 820 (1975). More specifically, this Court has stated that in order to determine the validity of the waiver of counsel, "the district court should engage the defendant in an on-the-record discussion to ensure that []he fully understands the ramifications of [his] decision" and "consider whether the defendant understood that [he] had a choice between proceeding pro se and with assigned counsel, whether [he] understood the advantages of having one trained in the law to represent [him], and whether the defendant had the capacity to make an intelligent choice." Torres v. United States, 140 F.3d 392, 401 (2d Cir. 1998) (internal quotation marks omitted).

The district court fully complied with these obligations. Beginning at his arraignment, Green asserted his desire to proceed pro se. In the face of Green's wavering course of action, in which he went back and forth several times as to whether he wanted counsel or desired to represent himself, the district court held repeated Faretta hearings and competency hearings, patiently reminding Green of his right to counsel and advising him of the disadvantages of proceeding without counsel. When Green accepted this advice and asked for counsel, counsel was appointed to represent him; Green was also provided with standby counsel when he preferred to represent himself. Ultimately, Green elected to represent himself at trial, filing a motion (with the assistance of counsel) to be permitted to do so, and insisting that denying his request to proceed pro se would infringe on his constitutional right to refuse appointment of counsel. After yet another hearing on

the motion, in which the court again discussed with Green the advantages of being represented by counsel, the court acceded to his request.

The record plainly supports the district court's finding that Green understood his right to counsel and knowingly and voluntarily waived that right, preferring – as was also his constitutional right – to proceed pro se. Green argues now, however, that the district court should have denied his request, claiming that he was incompetent to represent himself. In Indiana v. Edwards, the Supreme Court held that the Constitution permits a court to deny a defendant's motion to waive counsel where the defendant "suffer[s] from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." 554 U.S. 164, 178 (2008). Even assuming, for the sake of argument, that under some circumstances a district court might be *required* to reject an application for self-representation – something that Edwards nowhere explicitly suggests – nothing in the record persuades us that this is such a case. Although the psychiatrist who examined Green for his competence to stand trial (and who found him competent) suggested that Green did not have the capacity to represent himself, the district court was not required to accept his opinion, and we find no error in the court's conclusion that his opinion "was based largely upon the fact that Mr. Green is ignorant [of] many legal principles" and was not based on a diagnosis that Green "suffered from any severe mental illness." App'x 126-27.

Similarly, the court made repeated efforts to determine Green's competence to stand trial. "In making a determination of competency, the district court may rely on a

4

number of factors, including medical opinion and the court's observation of the defendant's comportment." United States v. Nichols, 56 F.3d 403, 411 (2d Cir. 1995). Early in the proceedings, the court ordered a competency exam, and received the examining psychiatrist's opinion that Green was competent. After holding a hearing, the court accepted that conclusion. Nor did the court fail to revisit that finding. On the first day of trial, in response to Green's focus on irrelevant issues, the court expressed concern that Green "appear[ed] not to be mentally competent," and did not "seem to understand why [he was] there," since he focused on issues irrelevant to the offenses with which he had been charged. App'x 175-76. After further discussion, and getting Green's agreement that he would "focus on the trial here today," however, the court proceeded with jury selection and, subsequently, the trial. App'x 184.

The experienced trial judge was thus clearly aware of her statutory obligation to "order . . . a hearing on [her] own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Nothing in Green's behavior at the trial persuades us that the court's implicit finding that he remained competent to proceed was erroneous. The judge's understandable frustration with a pro se defendant's idiosyncratic views of the law or of what might constitute a valid defense does not indicate that the defendant lacked an understanding of the proceedings sufficient to permit him to be tried. His behavior was

5

far less erratic than that of the defendant in <u>United States v. Arenburg</u>, and the court here did not assume – like the district court in that case – that the defendant's competence to stand trial had been resolved by a magistrate judge's finding nearly two months before trial.  605 F.3d 164, 170 (2d Cir. 2010).  The court revisited the competency issue on multiple occasions in making its own reasoned determination.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court