14-4174(L)
United States v. Ferreira

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL,
         RAYMOND J. LOHIER, JR.,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES,
         Appellee,

         -v.-                          14-4174(L)
                                       14-4317(CON)
MELANIE FERREIRA,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          JONATHAN I. EDELSTEIN, Edelstein &
                        Grossman; New York, NY.

FOR APPELLEE:           NICHOLAS S. FOLLY (Brian R. Blais,
                        on the brief), for Joon H. Kim,
                        Acting United States Attorney for

the Southern District of New York;
New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Melanie Ferreira appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Seibel, J.) pursuant to jury verdict.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Ferreira was charged with (1) wire fraud in violation of 18 U.S.C. §§ 1343 and 2, (2) filing false claims in violation of 18 U.S.C. §§ 287 and 2, (3) bank fraud in violation of 18 U.S.C. §§ 1344 and 2, and (4) obstructing and impeding the due administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a).  On appeal, and with the benefit of counsel, Ferreira argues (1) that it was error to allow her to represent herself (or to allow her to continue representing herself), (2) that several of the district court's evidentiary rulings deprived her of a fair trial, and (3) that the district court should have granted her request for a reasonable adjournment to spend more time preparing for trial.

At her initial presentment in April 2013, Ferreira elected to appear pro se, and appeared along with standby counsel from the Federal Defenders of New York. Magistrate Judge Lisa M. Smith explained in detail the risks of proceeding pro se and "strongly recommend[ed]" that Ferreira accept the assistance of counsel, App. 29, but found that she was competent and made a knowing and voluntary waiver of her right to counsel.

At a conference in July 2013, Judge Cathy Seibel told Ferreira that it was a "monumentally bad idea" to waive the right to counsel, App. 129, explained at length the difficulties of criminal trial (and, if convicted, of sentencing), and warned Ferreira that she would not be able to argue later that she should

2

not have been permitted to appear pro se.  Ferreira indicated that she understood.

In December 2013, Ferreira appeared at a conference on pretrial motions and objected to having standby counsel.  Judge Seibel told her that she had the right to represent herself and to make no use of standby counsel, but that she could not refuse standby counsel altogether.  Standby counsel told Judge Seibel that she had asked the Government to calculate the applicable Sentencing Guidelines range so that Ferreira would "understand . . . how much jail time she actually faces," and the Government did inform her.  App. 218.  Judge Seibel further explained to Ferreira that the actual sentence could be anything from "zero up to the statutory maximum."  App. 219.

At a final pretrial conference in January 2014, Judge Seibel again revisited Ferreira's decision to proceed without counsel, and again warned Ferreira that she would not be able to appeal on the basis of ineffective assistance.  Ferreira again declined representation.

At trial, the Government put on evidence showing (inter alia) that Ferreira's 2008 tax return fraudulently claimed a refund of $440,924; that the IRS wired those funds to Ferreira's bank account and Ferreira rapidly depleted them, often in amounts just under $10,000; that Ferreira filed a similar fraudulent tax return the following year (at which point the IRS discovered the fraud); that Ferreira caused an associate to forge a cashier's check for $316,966.05 to satisfy a mortgage on Ferreira's home; and that Ferriera drew checks to satisfy her mortgage ($305,000) and to satisfy tax debts ($759,033.05) on an account that she had closed years earlier.  Ferreira presented no defense at trial.  The jury returned a guilty verdict on all four counts.  Ferreira was sentenced principally to concurrent terms of 51 months' incarceration on the first three counts and a concurrent term of 36 months' incarceration on the fourth.

**1.**  A defendant has the right to defend herself without the assistance of counsel if the decision to waive the right to counsel is made knowingly with full awareness of the consequences.  <u>Faretta v. California</u>, 422 U.S. 806, 835–36

3

(1975).  Whether that standard is satisfied "depends upon the particular facts and circumstances of the case and characteristics of the defendant." United States v. Fore, 169 F.3d 104, 108 (2d Cir. 1999).  We review "a district court's conclusions regarding the constitutionality of a defendant's waiver" de novo and "its supporting factual findings" for clear error.  United States v. Spencer, 995 F.2d 10, 11 (2d Cir. 1993).  We will affirm the district court's conclusion "if any reasonable view of the evidence supports it."  Id. at 11 (quotation marks omitted).

The record is clear that Ferreira was repeatedly warned of the consequences and dangers of representing herself, and that Ferreira nevertheless repeatedly declined the assistance of counsel.  Both judges concluded that she was competent to make that decision and did so knowingly.

A district court need not "resort to any particular talismanic procedures" to establish that a defendant understands the consequences of waiver, United States v. Culbertson, 670 F.3d 183, 193 (2d Cir. 2012) (internal quotation marks omitted), and Ferreira makes no persuasive argument that she failed to understand what she was told.  The district court did not err by permitting Ferreira to exercise her right to self-representation.  Nor is there merit to Ferreira's contention that during the course of trial she effectively asked to have a lawyer.

**2.**  Ferreira argues that three evidentiary rulings deprived her of a fair trial: (1) the admission pursuant to Federal Rule of Evidence 404(b) of testimony from Ferreira's accountant about her earlier reluctance to report cash income to the IRS; (2) the admission of documents in Ferreira's possession relating to anti-government, anti-tax, and anti-IRS views; and (3) the admission of evidence (to which Ferreira made no contemporaneous objection) that two associates to whom she transferred fraudulently obtained funds made cash withdrawals in amounts just under $10,000.  In light of the district court's superior position to weigh probative value of evidence against the risk of unfair prejudice, we review its evidentiary rulings for abuse of discretion.  See, e.g., United States v. Abu-Jihaad, 630 F.3d 102, 131 (2d Cir. 2010); United States v.

4

<u>Guang</u>, 511 F.3d 110, 121 (2d Cir. 2007).  We review evidentiary decisions to which the defendant made no contemporaneous objection for plain error.  <u>United States v. Pierce</u>, 785 F.3d 832, 840 (2d Cir. 2015).

"Other acts" evidence is inadmissible for the purpose of showing a defendant's criminal propensity, but such evidence is admissible under Rule 404(b) for other purposes so long as it is not substantially outweighed by the danger of unfair prejudice.  <u>See</u> <u>United States v. Paulino</u>, 445 F.3d 211, 221 (2d Cir. 2006).  The district court reasoned that testimony from Ferreira's former accountant was probative to show that Ferreira knew of her obligations, understood that her conduct was wrong, and acting knowingly and intentionally, not by mistake or accident.  The district court found that this probative value was not outweighed by unfair prejudice, in part because the failure to report cash income, though illegal, is relatively common and therefore not highly prejudicial.  The district court instructed the jury on the proper use of this evidence twice during the testimony and in greater detail in the jury charge.  Ferreira makes no persuasive argument that she was unfairly prejudiced by this testimony or that its admission was an abuse of discretion.

Nor did the district court abuse its discretion by admitting evidence of Ferreira's anti-government, anti-tax, and anti-IRS views.  Intent was a critical issue at trial, and Ferreira's views on these subjects undercut the argument that her actions resulted from a good-faith misunderstanding of her obligations.  The evidence was not unduly prejudicial.

Ferreira did not object to the admission of evidence that two of her associates to whom she transferred fraudulently obtained funds withdrew those funds in amounts just small enough to avoid triggering bank reporting obligations; so we review the decision to allow introduction of that evidence only for plain error.  This evidence was probative of awareness that the overall scheme was known to be illicit by its participants.  It was not unduly prejudicial: Ferreira, who did the same thing, would not be tainted by the conduct of her associates.  The admission of this evidence was not plainly erroneous.

5

**3.** Five days before the scheduled start of trial, Ferreira sought a 90-day adjournment to review recently produced evidence and because of her mother's terminal illness. The district court observed that most of the recently produced evidence was cumulative, granted a six-day adjournment nevertheless, and invited Ferreira to advise the court if the material yielded anything significant. Ferreira's motion for adjournment on the first day of trial was denied.

"Trial judges necessarily require a great deal of latitude in scheduling trials," and have "broad discretion . . . on matters of continuances." Morris v. Slappy, 461 U.S. 1, 11-12 (1983). "The denial of a defendant's request for a continuance will not be reversed absent a showing both of arbitrariness and of prejudice to the defendant." United States v. Arena, 180 F.3d 380, 397 (2d Cir. 1999) (abrogated on other grounds by Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 403 n.8 (2003)). Ferreira has shown neither arbitrariness nor prejudice, and we find no abuse of discretion in the district court's denial of (a longer) adjournment.

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK